**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-19-02412-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Precilia Cisneros, | |
| Defendant. | |

At issue is Defendant's Motion to Dismiss (Doc. 19, Mot.), to which Plaintiff, the United States, filed a Response (Doc. 20, Resp.). For the reasons set forth below, the Court will deny the motion to dismiss.

**I.    BACKGROUND**

On February 15, 2014, Customs and Border Patrol caught Defendant entering the United States with undeclared controlled substances at the Mariposa Port of Entry. (Doc. 1, Compl. at 1.) Customs and Border Patrol then assessed a civil penalty of $294,975.00 pursuant to 19 U.S.C. § 1497. (Compl. at 2.) The Office of International Trade-Regulations and Rulings mitigated the penalty to $14,749.00 on February 9, 2015. (Compl. at 2.) The United States made a final demand for the mitigated amount on approximately May 18, 2015, stating that if Defendant did not submit the payment in full by June 12, 2015, the debt would revert to the original amount of $294,975.00. (Compl. at 2.) The United States alleges that no payments have been made. (Compl. at 2.)

The United States brought this case to collect Defendant's debt pursuant to 28

1 U.S.C. § 3001, *et seq.*, on January 10, 2019. Defendant filed an answer on April 19, 2019. (Doc. 11, Ans.) The Court issued a Rule 16 Scheduling Order on June 17, 2019. (Doc. 18.) On September 26, 2019, Defendant filed the present Motion, which she calls a "Motion to Dismiss."

## II. ANALYSIS

In the substance of Defendant's Motion, she fails to state whether it is a Motion to Dismiss for Failure to State a Claim or a Motion to Dismiss on the Pleadings, nor does she provide any legal standard. A motion under Federal Rule of Civil Procedure 12(c) is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, the Court does not need to determine on which basis Defendant intended to move to dismiss the United States' claim.

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In her Motion to Dismiss, Defendant argues that this case has been difficult and a burden because it "has been ongoing for the past 5 years with the same pattern." (Mot. at 2.) Defendant's Motion details communications between the United States and herself concerning settlement of this dispute, and she expresses frustration about the slow response she has received from the government. On these grounds, she requests that the Court

dismiss this case in its entirety on the merits.

In the Response, the United States correctly indicates that Defendant failed to provide a factual or legal basis for dismissing this action. (Resp. at 1.) Although the Court understands the difficulties this case has caused for Defendant, these difficulties are not a legal basis on which the Court may dismiss the action.

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss (Doc. 19).

Dated this 31st day of October, 2019.

Honorable John J. Tuchi
United States District Judge